United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-10468

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD VAN WEIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
Civil Docket #3:99-CR-54-1-R

_____

Before REAVLEY, JOLLY, and JONES, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered the appeal of Richard Van Weir based on the briefs, the excellent oral arguments of counsel, and pertinent parts of the record. Having done so, we conclude that we have jurisdiction and that the district court did not abuse its discretion in its award of restitution on remand.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The case is not moot because Van Weir's payments to the victims was not a voluntary act due to the pendency of a court order, and because remedial relief could be effectively ordered if Van Weir's appeal succeeds.

We review the amount of restitution ordered for abuse of discretion. United States v. Reese, 998 F.2d 1275, 1283 (5th Cir. 1993). Van Weir contends that the calculations as to Generali and UNI are without sufficient support, that the amount ordered erroneously ignores the commission structure of the business, and that the district court failed to offset the amount of loss of all the victims by amounts they allegedly owed to Van Weir. Although Van Weir's arguments are not without force, they demonstrate neither clear error not an abuse of discretion by the district court. The amount of restitution was decidedly conservative, in part because of Van Weir's having destroyed records of hundreds of pertinent policies for which no loss amount could be determined. This court has held that when the restitution amount does not exceed actual losses, an erroneous calculation of the amount is not an abuse of discretion. United States v. Calbat, 266 F.3d 358, 365-66 (5th Cir. 2001). To the extent this restitution award cannot be more than the total loss to the victims, the district court did not abuse its discretion. Moreover, the offsets sought by Van Weir from the victims do not, as is required, arise from the same acts as those underlying his criminal conviction and are not cognizable for these purposes. Id. at 365.

Motion to dismiss **DENIED**, Judgment **AFFIRMED**.